*Sun v. Lynch*

BIA
Cheng, IJ
A087 545 560

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT:
>    RALPH K. WINTER,
>    GUIDO CALABRESI,
>    RAYMOND J. LOHIER, JR.,
>         *Circuit Judges.*

_____

QI XIONG SUN, AKA QIXIONG SUN,
>    *Petitioner,*

>    v.                                        14-1140
>                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*[1]

_____


**FOR PETITIONER:**          Gary J. Yerman, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**                    Joyce R. Branda, Acting Assistant
                                       Attorney General; M. Jocelyn Lopez
                                       Wright, Senior Litigation Counsel;
                                       Lori B. Warlick, Trial Attorney,
                                       Office of Immigration Litigation,
                                       United States Department of Justice,
                                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Xiong Sun, a native and citizen of China, seeks review of a March 25, 2014, decision of the BIA affirming a February 9, 2012, decision of an Immigration Judge ("IJ"), denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sun*, No. A087 545 560 (B.I.A. Mar. 25, 2014), *aff'g* No. A087 545 560 (Immig. Ct. N.Y. City Feb. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Because Sun only substantively challenged the denial of asylum before the BIA, his challenges to the IJ's denial of withholding of removal and CAT relief are unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For asylum applications governed by the REAL ID Act, such as Sun's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65. Here, the totality of the circumstances, including Sun's inconsistent testimony and demeanor, support the IJ's adverse credibility determination.

The agency reasonably found that Sun testified inconsistently as to whether he was hospitalized in China for one week. Sun testified on cross-examination that he was hospitalized for one week after government officials detained

3

and beat him, but failed to mention this event during direct examination. The medical record Sun submitted to corroborate his claim does not show that he was hospitalized at all, but instead reflects an "outpatient diagnosis" for treatment that Sun received on a single day. The agency also reasonably relied on Sun's failure to mention that he was hospitalized in his personal statement. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. When confronted with these discrepancies, Sun asserted that the letter from his father confirmed his testimony. But the letter merely states that Sun's father brought him to see a doctor, and does not suggest that Sun was hospitalized. Although the inconsistent evidence all relates to a single incident, the inconsistencies provide substantial support for the IJ's adverse credibility determination because they directly relate to the one instance of persecution Sun alleges. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The IJ also reasonably found Sun's corroborating evidence insufficient. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Sun testified that his church in China was aware of his arrest, but the church's letter makes no mention of it. Furthermore, although Sun presented a witness to corroborate

4

his church attendance in the United States, the IJ reasonably found the witness's testimony was of limited weight because she was not an official spokesperson of the church. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Finally, the IJ also reasonably relied in part on Sun's demeanor, finding his testimony nonresponsive and evasive. *See Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007). The record confirms that Sun was nonresponsive and evasive when asked to explain the several inconsistencies regarding his hospital visit, and the IJ noted that he became "flustered" during this line of questioning. We can be more confident in relying on a demeanor finding where, as here, it is "supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

5

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk